IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HEALTHCARE & DIAGNOSTIC SOLUTIONS, Inc., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 18-cv-153-CG-N |
| PATIENT CARE PHARMACY CORPORATIONS; SUSAN ALEXANDER GUTHRIE; *et al.* | ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

This action is before the Court on Motion to Remand (Doc. 18) filed by Plaintiff Healthcare & Diagnostic Solutions, Inc., ("Healthcare") to which the Defendants, Patient Care Pharmacy Corporations ("Patient Care") and Susan Alexander Guthrie ("Guthrie") have filed a response in opposition (Doc. 23), and Healthcare has filed a reply. (Doc. 24). This matter is now ripe for consideration and has been referred to the undersigned Magistrate Judge for entry of a report and recommendation under 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). Upon consideration, and for the reasons stated herein, the undersigned **RECOMMENDS** that Healthcare's Motion to Remand (Doc. 18) be **DENIED**.

## I.   Procedural History

On February 8, 2018, Healthcare filed a complaint in the Circuit Court of Baldwin County, Alabama, alleging a number of state-law causes of action against the Defendants arising from breach of contract, fraud, tort of outrage, open account,

account stated and goods sold and delivered. (Doc. 1). In addition, Healthcare filed interrogatories and request for production with the Baldwin County Circuit Court. Patient Care and Guthrie responded by filing notice of removal.

On April 2, 2018, Patient Care and Guthrie removed the case to this Court under 28 U.S.C. § 1332, 1441 and 1446, while preserving any and all defenses under Rule 12 of the Federal Rules of Civil Procedure. (Doc. 1). Patient Care and Guthrie contend removal is proper under §1441(a) and (b), because the Court has original jurisdiction over the case at bar based on diversity of citizenship.[1] In addition, this Court has original jurisdiction under 28 U.S.C. § 1332(a), which provides the district courts original jurisdiction of civil actions between citizens of different states where, the amount in controversy exceeds $75,000, exclusive of interest and costs.

Healthcare moves for remand under 28 U.S.C. § 1447(c) (Doc. 18) on the grounds, in sum, that the forum selection clause contained within the Customer Credit Application ("Application"), signed by Patient Care and Guthrie, limits the parties to the jurisdiction of Baldwin County.

## II.    Analysis

Pursuant to 28 U.S.C.A §1441, "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the

---

[1] 28 U.S.C. §1441 (a) and (b) "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. In determining whether a civil action is removable on the basis of the jurisdiction under section 1332 (a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.

defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Patient Care is incorporated in Louisiana, with its principal place of business in Louisiana. Guthrie is a citizen of Louisiana, residing in Louisiana. Healthcare is incorporated in Alabama, with its principal place of business in Alabama. Under §1441 and §1332 (a) the civil action is removable due to complete diversity among all parties.[2] Healthcare does not dispute the diversity of the parties or the amount in controversy. (Doc. 18 at 2-3).

Prior to suit, Guthrie signed the application provided by Healthcare, in her capacity as president and CEO of Patient Care Pharmacy Corporation on May 21, 2009. (Doc.18). A forum selection clause ("FSC") is contained within the application. The FSC states:

> Applicant consents to the jurisdiction of the State of Alabama, County of Baldwin, and consents to reimburse H.D.S. for all reasonable costs and fees incurred in any pursuit, recovery, or collection action.

Healthcare argues Patient Care expressly consented to the jurisdiction of Baldwin County after signing the application and cannot revoke consent by removing the case to federal court. (Doc.18). In addition, Healthcare represents that although the clause is permissive, it is mandatory upon initiation of the suit. (Doc.18).

The Eleventh Circuit generally characterizes the language of forum selection clauses as either "permissive" or "mandatory". *See Global Satellite Comm. v. Starmill U.K.* 378 F.3d 1269,1272. "We need not decide whether the clause rises to the level of

---

[2] 28 U.S.C. §1332 (a)The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost and is between citizens of different states.

3

a clear and unequivocal waiver because we do not agree that such a high standard is required or desirable." *Id.* "A permissive clause authorizes jurisdiction in a designated forum but does not prohibit litigation elsewhere. A mandatory clause, in contrast, 'dictates an exclusive forum for litigation under the contract.'" *Snapper v. Redan,* 171 F.3d at 1262

"Forum selection clause may be "permissive," by authorizing jurisdiction in a designated forum but does not prohibit litigation elsewhere… or a "hybrid" form, that provides for permissive jurisdiction in one forum, which becomes mandatory upon the party sued." *Ocwen Orlando Holdings v. Harvard Prop. Trust,* 526 F. 3d 1379,1380 (11th Cir. 2008). In *Ocwen,* the court held a hybrid forum selection clause permits either party to commence suit in a state trial court, and that upon commencement of such suit the other party waived right to "transfer" action to "any other court". *Id.* at 1380. In order to be considered a hybrid, a permissive clause must contain some mandatory language. The clause in *Ocwen* provides:

> Seller and purchaser, waive any objection to the venue of any action filed in any court situated in the jurisdiction in which the property is located and waive any right to transfer any such action filed in any court to any other court.

The court in *Ocwen* considered the clause a hybrid. The first portion is considered permissive due to the broad language and the latter portion is held to be mandatory, thus making the clause a hybrid. The mandatory sentence in the clause specifically waived the parties right to transfer.

Healthcare argues that the FSC is hybrid in nature and meets the requirements of a hybrid clause. (Doc. 18). The FSC contains only one sentence that

4

references the forum of the suit. Applying the hybrid formula presented in the *Ocwen* case, the sentence within the FSC is permissive in nature and does not meet the requirements to be placed in the hybrid category.

"District courts have the inherent power to remand a removed case when it is appropriate to do so to enforce a forum selection clause." *Snapper, Inc. v. Redan* 171 F.3d 1249,1261 (11th Cir. 1999). In *Snapper,* the court held that "the Guarantors had waived their right to remove this action to federal court." *Id.* at 1262. The clause in *Snapper* provides:

> The undersigned agrees that any legal action or proceeding with respect to this instrument may be brought in the courts of the state of Georgia or the United States District Court, Northern District of Georgia, Atlanta Division, all as Creditor may elect. By execution of this instrument, the Undersigned hereby submits to each such jurisdiction, hereby expressly waiving whatever rights may correspond to it by reason of its present of future domicile. Nothing herein shall affect the right of Creditor to commence legal proceedings or otherwise proceed against the Undersigned in any other jurisdiction or to serve process in any manner or required by law. In furtherance of the foregoing, the Undersigned hereby appoints the Secretary of the State of Georgia as its agent for service process.

The court applied ordinary contract principles and reasoned that the Guarantors had waived the right to remove. *Id.* at 1262. "Because the clause applied to "*whatever rights*" based on the Guarantors' domicile, the court held that the Guarantors had waived all such rights, including the right to remove." *Id.* at 1260.

In the FSC, the waiver of removal was not explicitly stated. "Removal is the most obvious, if not the only, candidate for an additional right based on domicile that might be covered by this clause." *Id.* The FSC, signed by Guthrie on behalf of Patient Care, gave consent to the jurisdiction in Baldwin County, but did not expressly waive

5

their right to remove the case, unlike the clause in *Snapper*. Plainly stated, to give consent, is not comparable to waiving a right.

Healthcare has presented few facts to show why the clause should be enforced and in particular, why the word "consent" should preclude removal. Healthcare concedes that the clause is permissive but fails to highlight the mandatory language that would permit it to be considered a hybrid clause similar to the *Ocwen* case. The broad language of the FSC fails to incorporate specific and exclusive language barring the right to removal. The FSC does not fail because it is permissive, it fails because it lacks the ability to state in clear language what the term "consent" waived.[3]

### III. Conclusion

In accordance with the foregoing analysis, it is **RECOMMENDED** that Healthcare's Motion to Remand (Doc. 11) be **DENIED.**

### IV. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SD ALA LR 72.4. The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

---

[3] Additionally, in the opposition to the remand (Doc. 18), Patient Care maintains that Susan Guthrie did not sign the application in her personal capacity, but as the president and CEO of Patient Care. Patient Care argues that because she did not sign in her personal capacity, she is not bound by any contractual waiver of her right. (Doc.18). Patient Care maintains that Guthrie is not a proper party. However, this issue is not before the Court on this present matter.

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 23rd day of July 2018.

> */s/ Katherine P. Nelson*
> **KATHERINE P. NELSON**
> **UNITED STATES MAGISTRATE JUDGE**